UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| BRODERICK D. RICHARDSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 11-292-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| KAREN HOGSTEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**** **** **** ****

Broderick D. Richardson is an inmate confined at the Federal Correctional Institution in

Manchester, Kentucky.  Richardson has petitioned the Court to issue a writ of habeas corpus

pursuant to 28 U.S.C. § 2241, asserting that the search of his vehicle which lead to his

convictions violated the Fourth Amendment in light of the Supreme Court's recent decision in

*Arizona v. Gant*, 556 U.S. 332 (2009).  [R. 1.]  Having reviewed the petition[1], relief will be

DENIED.

Richardson alleges that on October 20, 2004, after he parked and exited his vehicle,

police officers approached him and requested identification.  [R. 1 at 3.]  When he was unable to

---

[1]  The Court conducts a preliminary review of habeas corpus petitions.  28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002).  Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

produce either identification or a driver's license, he was arrested for driving without a license. A search of his vehicle incident to arrest revealed a shoe box containing 92 grams of crack cocaine; 475 grams of powder cocaine; digital scales; baggies; and approximately $9,000.00 in cash. [R. 1 at 4.]

On June 20, 2005, Richardson executed a written agreement to plead guilty to two counts of possessing cocaine powder and cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). On September 30, 2005, in light of a prior state felony the Court sentenced Richardson to the statutory minimum 240 months in prison to be followed by a ten year term of supervised release. *United States v. Richardson*, No. 3:04-CR-112-R-1 (W.D. Ky. 2004); *see also United States v. Richardson*, 413 F. App'x 784, 785 (6th Cir. 2011).

In his petition, Richardson contends that the search of his vehicle following his arrest constituted an unreasonable search and seizure in violation of the Fourth Amendment in light of the Supreme Court's decision in *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710 (2009). [R. 1 at 5-6.] In *Gant*, the Court noted that, under *New York v. Belton*, 453 U.S. 454 (1981), police may conduct a warrantless search of an arrestee's vehicle incident to his or her arrest, premised on the assumption that articles inside a vehicle's passenger compartment are generally within the arrestee's reach. But because the purpose of extending the right to search to the vehicle is to prevent the arrestee from destroying evidence or retrieving a weapon, *Chimel v. California*, 395 U.S. 752, 763 (1969), it only applies when the arrestee is unsecured and within reaching distance of the vehicle's passenger compartment. *Gant*, 129 S.Ct. at 1719. A warrantless search of the vehicle compartment is also permissible when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id*.

2

The Court must deny relief because Richardson may not assert this claim in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Richardson*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Richardson's claim - that the search of his vehicle without a warrant violated the Fourth Amendment - even if meritorious, did not result in his conviction based upon conduct "that the

3

law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction.  Therefore it is not cognizable in a habeas corpus proceeding under Section 2241.  *Stewart v. Bledsoe*, No. 3:CV-11-987, 2011 WL 3206837 (M.D. Penn. May 31, 2011) (claim challenging propriety of vehicular search must be asserted under Section 2255) (*citing Robinson v. Sniezek,* 401 F. App'x 645, 646-47 (3d Cir. 2010)); *Ponton v. Mitchell*, No. 0:09-2457, 2009 WL 3738207 (D.S.C. Nov. 5, 2009) (same); *Settle v. Outlaw*, No. 2:10CV153DPM, 2011 WL 902140, at \*2-3 (E.D. Ark. Jan. 18, 2011); *Castenada v. Quintana*, No. CV10-8557-GHK, 2011 WL 2183718 (C.D. Cal. Apr. 27, 2011).

Even if Richardson could pursue his constitutional claim, whether in a habeas petition under Section 2241 or through a Section 2255 motion, relief is unavailable.  Lower federal courts do not have the authority to hold that a new rule of constitutional law announced by the Supreme Court is "made retroactive to cases on collateral review" - only the United States Supreme Court may do so.  *Tyler v. Cain*, 533 U.S. 656, 663 (2001).  To date, it has not.  *Cf. Young v. United States*, No. , No. 1:09-cv-282, 2010 WL 1544403, at \*2 (E.D. Tenn. Apr. 16, 2010); *Dunn v. Director, TDCJ-CID*, No. 4:10cv571, 2011 WL 5080165, at \*5 (E.D. Tex. Aug. 30, 2011).

Accordingly, **IT IS ORDERED** that:

1.      Richardson's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2.      The Court will enter an appropriate judgment.

This the 24th day of April, 2012.



Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**